TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Genevieve Barclay-White*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Genevieve Barclay-White, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC a Georgia corporation, Trans Union, LLC a Delaware limited liability company, and Bank of America, N.A., a national banking association. | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, GENEVIEVE BARCLAY-WHITE, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Scottsdale, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC ("Trans Union"), which is a Delaware company that maintains a registered agent in Maricopa County, Arizona; and

c. Bank of America, N.A. ("Bank of America"), which is a national banking association that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. Bank of America is reporting its trade line with account number 488894099446XXXX ("Errant Trade Line") on Plaintiff's Equifax and Trans Union credit file with multiple charge offs.

7. The multiple charge offs convey to any user or prospective of Mrs. Barclay-White's credit reports that, not only did a charge off incur on a particular date, but for several months thereafter. These repetitive charge off notations are far more punitive and misleading than informative.

8. On or about October 9, 2015, Mrs. Barclay-White obtained her credit files and noticed the multiple charge offs on the Errant Trade Line.

9. On or about November 11, 2015, Mrs. Barclay-White submitted letters to Experian, Equifax, and Trans Union ("Credit Reporting Agencies" or "CRAs"), disputing the multiple charge offs on the Errant Trade Line.

10. Upon information and belief, the CRAs transmitted Mrs. Barclay-White's consumer dispute to Bank of America.

11. On or about November 25, 2015, Mrs. Barclay-White received Equifax's investigation results, which showed that Bank of America retained the multiple charge offs on the Errant Trade Line.

12. On or about November 30, 2015, Mrs. Barclay-White received Trans Union's investigation results, which showed that Bank of America retained the multiple charge offs on the Errant Trade Line.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

13. Plaintiff realleges the above paragraphs as if recited verbatim.

14. After being informed by Equifax and Trans Union of Mrs. Barclay-White's consumer dispute of the multiple charge offs on the Errant Trade Line, Bank of America negligently failed to conduct a proper investigation of Mrs. Barclay-White's dispute as required by 15 USC 1681s-2(b).

15. Bank of America negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax and Trans Union to remove the multiple charge offs on the Errant Trade Line.

16. The Errant Trade Line is inaccurate and creating a misleading impression on Mrs. Barclay-White's consumer credit file with Equifax and Trans Union to which it is reporting such trade lines.

4

17. As a direct and proximate cause of Bank of America's negligent failure to perform its duties under the FCRA, Mrs. Barclay-White has suffered damages, mental anguish, suffering, humiliation and embarrassment.

18. Bank of America is liable to Mrs. Barclay-White by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

19. Mrs. Barclay-White has a private right of action to assert claims against Bank of America arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Bank of America for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BANK OF AMERICA

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Equifax and Trans Union that Mrs. Barclay-White disputed the accuracy of the information it was providing, Bank of America willfully failed to conduct a proper reinvestigation of Mrs. Barclay-White's dispute.

22. Bank of America willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

23. As a direct and proximate cause of Bank of America's willful failure to perform its duties under the FCRA, Mrs. Barclay-White has suffered damages, mental anguish, suffering, humiliation and embarrassment.

24. Bank of America is liable to Mrs. Barclay-White for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Bank of America for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

# COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mrs. Barclay-White as that term is defined in 15 USC 1681a.

27. Such reports contained information about Mrs. Barclay-White that was false, misleading and inaccurate.

28. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Barclay-White, in violation of 15 USC 1681e(b).

29. After receiving Mrs. Barclay-White's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

30. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mrs. Barclay-White has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

31. Equifax is liable to Mrs. Barclay-White by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mrs. Barclay-White as that term is defined in 15 USC 1681a.

34. Such reports contained information about Mrs. Barclay-White that was false, misleading and inaccurate.

35. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Barclay-White, in violation of 15 USC 1681e(b).

36. After receiving Mrs. Barclay-White's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

37. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mrs. Barclay-White has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

38. Equifax is liable to Mrs. Barclay-White by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Barclay-White as that term is defined in 15 USC 1681a.

41. Such reports contained information about Mrs. Barclay-White that was false, misleading, and inaccurate.

42. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mrs. Barclay-White, in violation of 15 USC 1681e(b).

43. After receiving Mrs. Barclay-White's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

44. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mrs. Barclay-White has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

45. Trans Union is liable to Mrs. Barclay-White by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

10

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mrs. Barclay-White as that term is defined in 15 USC 1681a.

48. Such reports contained information about Mrs. Barclay-White that was false, misleading, and inaccurate.

49. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mrs. Barclay-White, in violation of 15 USC 1681e(b).

50. After receiving Mrs. Barclay-White consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

51. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mrs. Barclay-White has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

52. Trans Union is liable to Mrs. Barclay-White by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: February 3, 2016

                          KENT LAW OFFICES

                          By: */s/ Trinette G. Kent*
                              Trinette G. Kent
                              Attorneys for Plaintiffs,
                              Genevieve Barclay-White

Case 2:16-cv-00379-DLR   Document 1   Filed 02/11/16   Page 13 of 13